IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-10-1-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | ORDER |
| TIMOTHY JEROME WHITFIELD | | |

This matter is before the court on defendant's letter filed 17 July 2020 requesting that his sentence be reduced. (DE # 63.)

In 2016, defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack cocaine) and possession of a firearm in furtherance of a drug trafficking offense. The court sentenced him to 21 months imprisonment for the controlled substance offense and 60 months imprisonment for the firearm offense, to be served consecutively, for a total term of 81 months imprisonment.

Upon defendant's filing of his July 2020 letter, the court appointed counsel to represent him for purposes of seeking compassionate release. (DE # 54.) Appointed counsel filed a supporting memorandum with supporting documents. (DE ## 67, 70, 72.) The government filed a response in opposition. (DE # 71.) Defendant then filed a notice of withdrawal of two exhibits and a reply brief. (DE ## 73, 74.)

Defendant seeks a reduction in his sentence to time served or release from imprisonment to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

Initially, defendant sought compassionate release based on his wife's current health and her need for defendant to take care of her after impending brain surgery as well as his own medical conditions in light of the COVID-19 pandemic.[2] (Mem., DE # 70, at 4-12.) However, dates on the letter defendant relied on to show his wife's condition and surgery were obviously altered.[3] (See Ex. 4, DE # 72-3.) After the government pointed out that fact, (see Resp., DE # 71, at 5-6), defendant withdrew that exhibit along with another one (listing his wife's medications), (Not., DE # 73), and stated, "he will pursue compassionate release solely on the basis of his own medical conditions and will not rely on family circumstances at this time," (Resp., DE # 74, at 2).

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16-CR-35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

---

[2] The court considers the merits of defendant's motion because "[t]he government agrees that the defendant has exhausted his administrative remedies in BOP." (Resp., DE # 71, at 4.)

[3] The court accepts defense counsel's representation that she did not intend to mislead the court with the submission of this document.

Defendant is 41 years old. He suffers from obesity, hypertension, sleep apnea, and high cholesterol, among other things.[4] (See Ex. 6, DE # 67-6.) In July 2020, he tested positive for COVID-19 but was asymptomatic. (See Ex. 8, DE # 67-8.) Defendant argues that his medical conditions increase his risk of severe illness from COVID-19, his having tested positive for the virus may increase his risk for long-term health problems, and he remains at risk for contracting the virus again. (Mem., DE # 70, at 7-10; see also Reply, DE # 74, at 2-4.) He also argues that his use of a CPAP machine for sleep apnea puts other inmates and staff at risk for the virus because the machine can pump the virus into the surrounding air. (Mem., DE # 70, at 10-12.) The government responds that defendant's arguments are undercut by the fact that he has already tested positive for COVID-19. (Resp., DE # 71, at 7.)

Obesity increases a person's risk of severe illness from COVID-19, while hypertension might increase that risk. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 17, 2021). Incarcerated persons are at a greater risk for COVID-19 in the first instance. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html (go to People in Prison or Jail, select Do I have a greater chance of getting COVID-19?) ("People in correctional and detention facilities are at greater risk for some illnesses, such as COVID-19, because of close living arrangements with other people.") (last visited Mar. 17, 2021). Sleep apnea and high cholesterol are not CDC risk factors. See id. Although reinfection of COVID-19 is reportedly rare, it is possible. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Mar. 17, 2021). It is also possible, should defendant become

---

[4] Although defendant claims he has Type 2 diabetes, (Mem., DE # 70, at 7), his medical records and medication lists do not indicate that condition, (see Ex. 6, DE # 67-6; Ex. 7, DE # 67-7). Defendant was screened for diabetes but not diagnosed with it. (See Ex. 6, DE # 67-6.)

4

reinfected and continue to use CPAP machine, he could spread the virus to others around him. See Can PAP Therapy Machines Increase the Risk of Spreading the Coronavirus?, https://health.clevelandclinic.org/can-cpap-machines-increase-the-risk-of-spreading-the-coronavirus/ (June 10, 2020) ("[F]or asymptomatic (not showing any symptoms) patients, PAP therapy might increase the risk for the transmission of COVID-19 to others who might be in the same space.").

Defendant is incarcerated at FCI Beaumont Low. The majority of inmates there—1128—have recovered from COVID-19. See Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 17, 2021). Currently, four inmates and one staff are positive for the virus. See id. Based on the low infection rate at defendant's institution, the fact that most inmates there, including defendant, have already had COVID-19, and defendant's current health, the court concludes defendant has not shown extraordinary and compelling reasons warrant his release.

Even assuming defendant had made such a showing, the court finds the § 3553(a) factors do not support his release. Prior to the instant offenses, defendant had been convicted in state court of three felonies, including two controlled substance offenses. (PSR, DE # 29, ¶¶ 15, 19-20.) The instant offenses involved multiple controlled substances and nine firearms. (Id. ¶¶ 7-8.) Defendant committed the instant offenses while suffering from the same medical conditions he relies on now and while on probation for one of his state felony convictions. (See id. ¶¶ 24, 35-36.) At sentencing, because of defendant's criminal history and the nature of the instant offenses, the court declined to downwardly depart from the applicable sentencing guideline imprisonment range based on defendant's medical conditions. (See Mot., DE # 38; 8/1/16 Minutes, DE # 41.) However, defendant's imprisonment term was significantly reduced by the

court downwardly varying from the 46-57 months guideline range on the controlled substance offense to 21 months based on its policy disagreement with the crack cocaine sentencing guidelines. (See Statement of Reasons, DE # 45, at 3.)

While incarcerated, defendant has committed only one infraction (possession of a cigarette). (Mem., DE # 70, at 13.) He has served approximately 68% of his sentence of imprisonment (with good time credit). (See Ex. 5, DE # 72-4.)

Considering all the circumstances, including that the court imposed a variant sentence (to defendant's benefit) and that defendant submitted an altered document in support of his request,[5] the court concludes reducing defendant's term of imprisonment to time served or releasing him to home confinement would not provide just punishment, promote respect for the law, or reflect the nature and seriousness of the offenses committed. Defendant's request is DENIED.

This 19 March 2021.

_____
W. Earl Britt
Senior U.S. District Judge

---

[5] It is of no moment that he has withdrawn the document and no longer relies on it.